UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Susan Reed,<br><br>           Plaintiff,<br>v.<br><br>Accounts Receivable Management, Inc. and Lacey Doe,<br><br>           Defendants. | Civil No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Susan Reed is a natural person who resides in the City of Saint Paul, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Accounts Receivable Management, Inc. (hereinafter "Defendant ARM") is a collection agency operating from an address of 155 Mid Atlantic Parkway, Thorofare, New Jersey, 08086, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Lacey Doe (hereinafter "Defendant Doe") is a natural person who was employed at all times relevant herein by Defendant ARM as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Sometime prior to November 2009, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### *November 2, 2009 Collection Call*

9. On or about November 2, 2010, Defendant ARM's collector, Defendant Doe, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10. During this call, Defendant Doe left a message on Plaintiff's voicemail system demanding a call back 1-866-932-6777, or words to that effect.

11. Plaintiff heard the voicemail when she returned from work.

12. Plaintiff did not know the caller or what the call was regarding.

13. During the message, Defendant Doe did not provide a meaningful disclosure of her identity.

14. During the message, Defendant Doe did not state that the calls were from a debt collector.

15. This call from Defendant Doe to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

*Summary*

16. The above-described collection communication made to Plaintiff by Defendant Doe, a collection employee, employed by Defendant ARM, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

17. During their collection communications, Defendant Doe, employed by Defendant ARM failed to provide Plaintiff with the notices required by 15

U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692e, 1692e(10), 1692e(11), and 1692f, amongst others.

### *Respondeat Superior Liability*

18. The acts and omissions of Defendant Doe, employed as an agent by Defendant ARM, who communicated with Plaintiff as more further described herein, were committed within the time and space limits of her agency relationship with her principal, Defendant ARM.

19. The acts and omissions by Defendant Doe were incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant ARM in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, Defendant Doe, employed as a debt collector, was motivated to benefit her principal, Defendant ARM.

21. Defendant ARM is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by it's collection employee, including but not limited to violations of the FDCPA in her attempt to collect this debt from Plaintiff.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

25. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

Dated: April 22, 2010                             Respectfully submitted,

                                                                  **WHEATON LAW GROUP, PLLC**

                                                                  By:  **s/Christopher S. Wheaton**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2021 East Hennepin Avenue, Suite 195
Minneapolis, Minnesota 55413-2700
Telephone:  (612) 379-3191
Facsimile: (612) 605-2102
cswheaton@wheatonlawgroup.com

csw                             **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF ~~HENNEPIN~~ Ramsey )

Plaintiff Susan Reed, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Susan P. Reed_
Susan Reed

Subscribed and sworn to before me
this April day of _21_, 2010.

_Matthew T. Danko_
Notary Public

MATTHEW T. DANKO
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2013

-7-